UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**               ) | |
|                                              ) | |
| Plaintiff,                            ) | |
|                                              ) | |
| v.                                        ) | Criminal Case No.  05-342-12 (RCL) |
|                                              ) |                   05-342-14 (RCL) |
| **ENRIQUE OYOLA-ROPERO (12)**     ) | |
|                                              ) | |
| and                                        ) | |
|                                              ) | |
| **SERGIO RENE DE MARTINI-**         ) | |
| **TAMAYO (14)**                         ) | |
| a.k.a. "Paisa,"                       ) | |
| a.k.a. "Rafita,"                      ) | |
| a.k.a. "Henry"                        ) | |
|                                              ) | |
| Defendant.                          ) | |
| _____) | |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION
## AND PROPOSED ORDER

The United States, by and through its attorney, Patrick H. Hearn, Trial Attorney, Narcotic and Dangerous Drug Section, United States Department of Justice, hereby respectfully moves this court to order the pretrial detention of defendant Enrique Oyola-Ropero (Oyola) and Sergio Rene De Martini-Tamayo (Martini) pursuant to 18 U.S.C. § 3142(e). As set forth herein, there is a statutory presumption in favor of detention because the defendants are charged with, inter alia, Conspiracy to Manufacture and Distribute for the Purpose of Unlawful Importation Into the United States Five Kilograms or More of Cocaine, in violation of 21 U.S.C. § 959 and 960, which is an offense that carries a maximum penalty of more than ten years imprisonment. Moreover, the government believes the defendants have no ties to the United States; the government believes the defendants have the ability to flee and would flee if released from

custody; and the government believes the defendants would pose a danger to the community unless they detained.

I.      **Factual Background**

Oyola and Martini have been brought to the United States based upon charges in this case which arise from evidence obtained during an investigation which revealed that Oyola and Martini are members of a drug (cocaine) trafficking and transportation organization (DTO).  He is currently in custody at the Washington, D.C. Jail or CTF.

The evidence against Oyola, Martini, and the indicted co-conspirators consists of seizures of cocaine, surveillance, Colombian court-authorized intercepted telephone conversations, and cooperating and/or government witnesses**.**  The evidence from the investigation shows that the DTO operated in and around the north coast of Colombia, South America. from at least April, 2005, to the at least August, 2006.  Oyola, Martini and the indicted co-conspirators have worked together to ensure the transportation of thousands of kilograms of cocaine, intended for transport to the United States, using maritime shipping vessels and "go fast" boats from locations in northern Colombia to transhipment points in Central America or Mexico.  From Central America or Mexico the cocaine is transported to final destinations in the United States.

The "go fast" boats, used to transport the cocaine, are specifically designed to hold a ton or more of the cocaine at a time.  Moreover, these boats are typically outfitted with two to four high performance outboard engines each, enabling the boats to travel long distances at relatively high speeds, even when fully loaded.  The boats leave their loading locations along the northern coast of Colombia to meet maritime shipping vessels at sea to offload the cocaine for further transportation to Central America or Mexico.  Or the "go-fast" boats will proceed directly to offloading locations near the coasts of Central America and Mexico.  At the offloading locations,

the cocaine shipments are received by other drug trafficking organizations and transported into the United States.

Based upon the evidence in this case, the DTO has shipped thousands of kilograms of cocaine from Colombia to the United States since 2005. Several of those cocaine shipments were seized by law enforcement, specifically, on July 22, 2005; January 21, 2006; March 7, 2006; and March 24, 2006. Members of the DTO fulfill a number of responsibilities within the DTO to facilitate the manufacture and transportation of cocaine from Colombia to Central America or the Caribbean Sea region, then to Mexico, and finally to the United States. There have been numerous recorded conversations between members of the DTO concerning shipments and transportation of cocaine in quantities of a thousand kilograms or more. The conversations between members of the DTO involved all aspects of supervising, organizing, and facilitating numerous cocaine shipments, including the cocaine shipments seized by law enforcement agents.

Oyola, Martini, and the co-conspirators have assisted in arranging financing, purchases of cocaine, logistical support, transportation or storage of cocaine, provision of supplies for the "go-fast" boats, arrangements for the receipt of cocaine by the DTO or arrangements for the delivery of the cocaine to other organizations for ultimate delivery to the United States. Colombian judicially authorized interceptions of the organization's members' telephone conversations show their participation in the overall organization. In various intercepted communications, each of the defendants in this case, including Oyola and Martini have been heard by law enforcement agents discussing the purchasing and assembling of the cocaine, transport operations, or financial transactions with other members of the drug organization. Surveillance of the activities of the organization's members has confirmed the trafficking activities discussed by the defendants in the intercepted telephone conversations.

Oyola, based upon the evidence, works in conjunction with co-defendant Gustoavo Barbosa-Rodriguez, in addition to other co-conspirators, indicted and unindicted. Oyola is responsible for arranging the purchase of cocaine from cocaine laboratory owners by individuals who arrange large shipments of cocaine from Colombia to the United States. Oyola ensures that the money from the purchaser of cocaine is paid to the lab owners. Colombian judicially authorized telephone intercepts have recorded there have been discussions between Oyola-Ropero and other members of the DTO regarding numerous cocaine shipments.

Martini, based upon the evidence, is a transportation broker. Martini is an individual who is knowledgeable in transportation and smuggling of illegal drugs. Specifically, he has knowledge of transportation routes and the people who can transport cocaine from the interior of Colombia to the northern coast and beyond. Martini recruits individuals who work together to actually transport the organization's cocaine shipments. Martini assists those individuals by coordinating the methods of transportation for the organization's cocaine shipments. Based upon the evidence Martini was the owner or one of the owners of the cocaine shipment seized on July 22, 2005.

## II.     Legal Analysis

The federal bail statute authorizes a defendant's pretrial detention when no "condition or combination of conditions will reasonably assure the appearance of the person . . . and the safety of any other person and the community." 18 U.S.C. § 3142(e). The statute further provides that there is a rebuttable presumption that the defendant should be detained if there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed under the Controlled Substances Act, 18 U.S.C. § 3142(e).

The existence of the indictment in this case establishes probable cause as a matter of law. See e.g., United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990). Moreover, the Government is permitted to proceed by proffer to establish other facts relevant to the bail decision. United States v. Smith, 79 F.3d 1208, 1210 (D.C. Cir. 1996).

Several other factors in the detention statute also support the Government's request for pretrial detention. First the nature and circumstances of the offense are compelling. 18 U.S.C. § 3142(g)(1). Second, the weight of the evidence against the defendant is substantial. The evidence in this case consists of seizures of cocaine, go-fast boats transporting the cocaine on international waters, legally authorized wiretaps of the defendant discussing the cocaine, surveillance of the defendant and co-conspirators and the testimony of cooperating and/or government witnesses. 18 U.S.C. § 3142(g)(2). Third, the fact that the defendant is a Colombian citizen with no known ties to the United States argues in favor of his detention pending trial. . 18 U.S.C. § 3142(g)(3)(A). Several courts have ordered pretrial detention of foreign defendants without any contacts to the United States. E.g., United States v. Vargas, 804 F.2d 157 (1st Cir. 1986) (Chilean defendant in drug importation case who had no family ties to U.S. was properly detained when no conditions or combination of conditions would reasonably assure his appearance at trial); United States v. Geerts, 629 F.Supp. 830 (E.D. Pa. 1985) (defendant was citizen of Netherlands who faced possibility of approximately fifty years imprisonment on customs related charges and had no significant ties to United States; he thus presented a serious risk of flight which justified pretrial detention). The government is unaware of any significant ties, including family, work, business, friends or property, by the defendant to the United States.

Finally, the defendant constitutes a clear and present danger to the community. The federal courts have recognized that drug traffickers, particularly those in positions of authority,

are likely to continue engaging in drug related activities if released on bail and thus, constitute a danger to the community. See United States v. Knight, 636 F.Supp. 1462 (S.D. Fla. 1986). Accord United States v. Creekmore, 1997 W.L. 732435 (D.D.C. 1997)(Facciola, J.).

### III.     Conclusion

For all of the foregoing reasons, the Government respectfully requests that the motion to detain the defendants without a bond pending trial be granted.

Dated: August 8, 2007

>                              Respectfully submitted
>
>                              KEN BLANCO, Chief
>                              Narcotics and Dangerous Drug Section
>
>                              /s/
>                              _____
>                              Patrick H. Hearn
>                              Trial Attorney
>                              Narcotics and Dangerous Drug Section
>                              U.S. Department of Justice
>                              1400 New York Avenue, N.W.
>                              Washington, D.C.  20005
>                              (202) 305-7606

### CERTIFICATE OF SERVICE

I hereby certified that a copy of the forgoing Motion for Pretrial Detention and Proposed Order was sent to JoAnne Rorey Hepsworth, attorney for Sergio De Martini-Tomayo and Ellise Haldane, attorney for Enrique Oyola Ropero, via ECF on August 8, 2007.

>                              /s/
>                              _____

                Patrick H. Hearn
                Trial Attorney
                U.S. Department of Justice